Julian R. **WOODRUM**, Dennis Dorsey and Sherman Johnson, Appellants,

v.

The **UNITED STATES**, Appellee.

Appeal No. 84–651.

United States Court of Appeals, Federal Circuit.

July 3, 1984.

**1576**

Robert S. Baker, Beckley, W.Va., submitted for appellants.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., Velta A. Melnbrencis, Asst. Director, New York City, and Sheila N. Ziff, Washington, D.C., submitted for appellee.

Before BALDWIN, SMITH and NIES, Circuit Judges.

NIES, Circuit Judge.

This appeal is from a judgment of the United States Court of International Trade[1] which affirmed the Secretary of Labor's determination that former employees of an independent new car dealership were not eligible for benefits under the worker adjustment assistance program of the Trade Act of 1974, 19 U.S.C. §§ 2101–2487 (1976). It was held that the firm which employed these workers (appellants here) did not "produce" articles, which is one requirement for eligibility under Section 222(3) of the Trade Act of 1974, 19 U.S.C. § 2272(3). Further, it was held that Congress intentionally chose to treat workers employed in a dealership controlled or substantially beneficially owned by the manufacturer differently from workers employed by an independent dealer. It is noteworthy that Congress considered this issue again, in regard to proposed amendments to Section 222, in 1979, but no legislation remedying this anomaly was enacted into law. Finally, the dissimilar treatment was found to have a "rational basis" in that Congress reasonably could provide benefits only to employees of a firm *producing* import-impacted articles since such workers were most immediately and directly affected by the imports. Thus, the classification of a worker on the basis of whether his firm produced the product could not be overturned on constitutional grounds.

Appellants' arguments here were fully treated by Chief Judge Re. We agree with his analysis and affirm on the basis of his opinion.

*Affirmed.*

---

1. Reported at 5 C.I.T. ——, 564 F.Supp. 826 (1983).