INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, AND UAW LOCAL 595, PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 90–05–00263

(Decided June 7, 1991)

*Jordan Rossen,* General Counsel, International Union, UAW, *Leonard R. Page,* Associate General Counsel, International Union, UAW, *(Richard W. McHugh),* Associate General Counsel, International Union, UAW, for plaintiffs.

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Vanessa P. Sciarra);* Gary Bernstecker, United States Department of Labor, for defendant.

MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge:* Plaintiffs, former employees of a General Motor assembly plant in Linden, New Jersey, challenge the Department of Labor's denial of certification for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1988). This Court has jurisdiction under 19 U.S.C. § 2395 (1988) and 28 U.S.C. § 1581(d)(1) (1988).

Trade adjustment assistance is available to workers separated from employment when Labor determines, *inter alia,*

> that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a)(3) (1988). Labor denied plaintiffs' petition because it did not satisfy this requirement.

Plaintiffs assembled "L-body" vehicles, which GM sells as Chevrolet Corsicas and Berettas. R. 22. The Beretta is a two-door sedan which seats four adults, has a wheelbase of 103.4 inches, is available with a standard four-cylinder or an optional six-cylinder engine and had a 1989 base price of $11,000. The Corsica is a four-door sedan built on the same chassis, with the same wheelbase and engine options and having a 1989 base price of $10,410.

In order to determine whether increased imports of like or directly competitive articles contributed to the workers' separations, Labor examined changes in domestic and import market share. Labor began its analysis by using an accepted industry source to ascertain the characteristics of the L-bodies. Using the same source, Labor compiled a list of domestic and imported models it considered "like or directly competitive" with the L-bodies.

Labor found that the L-bodies would be competitive with cars having the following characteristics:

> 1. Vehicles in the classification should generally be offered in both two-door and four-door form. There should be seating for at

least four adults, even in the two-door versions. Sports cars and sports coupes of the 2+2 configuration compete most directly in other classes.

2. Base prices should generally fall into the $8,000 to $10,000 range. For the most part, sticker prices for well-equipped models range from $12,000 to $14,000, possibly as high as $15,000. These prices should be used for comparison only. Individual dealer policies, the existence of publicized or secret rebates, etc. make determinations of actual as-delivered prices impossible.

3. In exterior size, wheelbase should fall between 97 and 103 inches. Two-door versions are usually a little shorter than four-door versions of the same nameplate; this is not true of the L-bodies, which share the same chassis.

4. Standard engines should be four-cylinder types; optional engines should be no larger than small six-cylinder types.

R. 18.

Labor selected 27 domestic and 30 imported vehicles for investigation. R. 17.

Labor's findings must be upheld if they are supported by substantial evidence on the record and in accordance with law. 19 U.S.C. § 2395(b) (1988); *Woodrum v. Donovan,* 5 CIT 191, 193, 564 F. Supp. 826, 828 (1983), *aff'd sub nom. Woodrum v. United States,* 2 Fed. Cir. (T) 82, 737 F.2d 1575 (1984). In addition, Labor's determination must be based on a reasoned analysis. *Former Employees of Bass Enters. Prod. Co. v. United States,* 12 CIT 470, 472, 688 F. Supp. 625, 627 (1988). Upon a showing of good cause, a reviewing court may remand an action for further investigation. 19 U.S.C. § 2395(b); *Former Employees of Linden Apparel Corp. v. United States,* 13 CIT 467, 715 F. Supp. 378, 381 (1989).

At oral argument, plaintiffs conceded the criteria Labor established for determining competing vehicles are reasonable, but claim Labor's determination lacks reasoned analysis because many of the vehicles Labor selected for analysis do not meet the criteria. Labor agreed the record lacks a reasoned explanation why Labor included in its analysis vehicles which differ substantially from the stated criteria.

Labor agreed to accept from plaintiffs a list of vehicles they believe should have been excluded or included in Labor's analysis, together with plaintiffs' reasons for exclusion or inclusion. The Court assumes Labor will consider all relevant information in order to reach an accurate and clearly articulated determination. Accordingly, the Court remands this action to Labor.

It is, therefore,

ORDERED that the negative determination regarding eligibility to apply for trade adjustment assistance with regard to former employees of the Buick-Oldsmobile-Cadillac Assembly Plant of the General Motors Corporation in Linden, New Jersey is remanded to the Department of Labor, and it is further

ORDERED that plaintiffs shall have 15 days from the date of this order to submit to Labor a list of vehicles which the plaintiffs believe should

274

have been excluded from or included in either the domestic or foreign subcompact/compact categories considered by Labor in its initial investigation, together with plaintiffs' reasons for the exclusion or inclusion, and it is further

ORDERED that Labor shall explain why Labor considered vehicles in the domestic and foreign subcompact/compact categories which deviated in some substantial way from the four enumerated characteristics which formed the basis of its industry analysis, and it is further

ORDERED that copies of the pages from all sources which are consulted by Labor shall be included in any supplemental record filed with the remand results, and it is further

ORDERED that the remand results shall be filed by Labor within 60 days of the date of this order.