FORMER EMPLOYEES OF MERROW MACHINE COMPANY, Plaintiffs,

v.

Lynn MARTIN, United States Secretary of Labor, Defendant.

Court No. 92–01–00002.

United States Court of International Trade.

Jan. 19, 1993.

---

Ross & Hardies, Michelle F. Forte, Joseph S. Kaplan and David F. Norton, New York City, for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Jane E. Meehan and Reginald T. Blades, Jr., Michelle Curran, Atty.–Advisor, U.S. Dept. of Labor, of counsel, Washington, DC, for defendant.

## OPINION

CARMAN, Judge:

Plaintiffs, former employees of Merrow Machine Company, Newington, Connecticut, challenge the determinations of the Secretary of Labor (Labor) that they are ineligible for trade adjustment assistance under 19 U.S.C. § 2272 (1988). This Court has jurisdiction pursuant to 19 U.S.C. § 2395 (1988), and 28 U.S.C. § 1581(d)(1) (1988).

After considering the arguments of the parties and the administrative record, the Court holds that the determinations by the Secretary of Labor are not supported by substantial evidence on the record. The case is remanded to Labor for further investigation in accordance with this opinion.

## BACKGROUND

The Merrow Machine Company (Merrow), located in Newington, Connecticut, is a privately held corporation that manufactures industrial sewing machines and replacement parts used in the garment making industry. Administrative Record at 19

(hereinafter R.). Merrow is the only remaining domestic manufacturer of industrial sewing machines. R. 19. The majority of Merrow's business comes from the exportation of its products, and these exports have continued to increase. R. 19.

Upon receipt of a petition for certification filed by three former employees of Merrow dated June 28, 1991, the Office of Trade Adjustment Assistance initiated an investigation on July 22, 1991. R. 2, 16. The three employees are John Vallera, a manufacturing supervisor, Sandra B. Wodecki, an inspector, and Randall J. Hoff, a maintenance worker. Both Mr. Vallera and Ms. Wodecki were separated from their respective positions on January 1, 1991, while Mr. Hoff was separated from his position on February 2, 1991. R. 2.

The investigation conducted by Labor consisted of a table compiled by the Department of Commerce showing the value of imports of sewing machines in 1989 and 1990; a data package completed by Mr. John M. Washburn, Jr., President of Merrow; and the results of a survey from some of Merrow's customers. R. 16–35. The investigation found that the value of United States imports of industrial sewing machines decreased absolutely in the period January—September 1990 as compared with the same period in 1989. R. 17–18, 38. Labor discovered in its investigation that, according to customer comments, none of the customers surveyed imported sewing machine parts. One customer indicated in its comments that the Merrow sewing machine was designed in such a manner that replacement parts needed to be manufactured by Merrow. *Merrow Machine Co.; Newington, CT; Negative Determination Regarding Application for Reconsideration*, 56 Fed.Reg. 65,510 (Dec. 19, 1991) (hereinafter *Negative Reconsideration Determination* ).

Based on its investigation, Labor issued a negative determination denying certification of eligibility to apply for trade adjustment assistance. *Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance*, 56 Fed.Reg. 55,690 (Oct. 29, 1991). R. 38. Labor determined that plaintiffs had failed to meet the eligibility requirement contained in 19 U.S.C. § 2272(a)(3). *Id.*

On November 5, 1991, plaintiffs requested administrative reconsideration of Labor's negative determination. R. 43–44. This request was denied by Labor on November 29, 1991. *Negative Reconsideration Determination*, 56 Fed.Reg. 65,510. Plaintiffs then commenced this action to seek judicial review of Labor's negative determinations on January 3, 1992.

## CONTENTIONS OF THE PARTIES

Plaintiffs contend Labor's negative determinations are not supported by substantial evidence on the record and are not in accordance with law. Plaintiffs claim that the underlying investigation that formed the basis for these determinations was inadequate. In particular, plaintiffs point to the insufficiency of Labor's survey of Merrow's customers, the lack of verification by Labor, and the inadequate investigation of imports of sewing machine replacement parts. Plaintiffs request that the Court order this case be remanded to Labor for the purpose of reopening the investigation on the merits of certifying plaintiffs' eligibility for trade adjustment assistance.

Defendant opposes plaintiffs' motion for judgment on the agency record and requests the Court to affirm the contested determinations. Labor contends the administrative record contains substantial evidence to support its determination. Defendant claims plaintiffs failed to satisfy the following eligibility criterion for trade adjustment assistance:

> (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a)(3).

## STANDARD OF REVIEW

■ A negative determination by the Secretary of Labor denying certification of eligibility for trade adjustment assistance

will be upheld if it is supported by substantial evidence on the record and is otherwise in accord with law. *See Woodrum v. Donovan,* 5 CIT 191, 193, 564 F.Supp. 826, 828 (1983), *aff'd sub nom. Woodrum v. United States,* 2 Fed.Cir. (T) 82, 737 F.2d 1575 (1984). The findings of fact by the Secretary are conclusive if supported by substantial evidence. 19 U.S.C. § 2395(b). "Substantial evidence is something more than a 'mere scintilla,' and must be enough reasonably to support a conclusion." *Ceramica Regiomontana, S.A. v. United States,* 10 CIT 399, 405, 636 F.Supp. 961, 966 (1986), *aff'd,* 5 Fed.Cir. (T) 77, 810 F.2d 1137 (1987) (citations omitted).

## DISCUSSION

■ The question before the Court is whether Labor properly decided that plaintiffs are ineligible for trade adjustment assistance. Trade Adjustment Assistance benefits are intended to offer unemployment compensation, training, job search and relocation allowances, and other employment services to workers who lose their jobs because of import competition. *See Former Employees of Linden Apparel Corp. v. United States,* 13 CIT 467, 467, 715 F.Supp. 378, 379 (1989).

■ The Department of Labor must follow the requirements of 19 U.S.C. § 2272, when determining whether a group of workers is eligible for trade adjustment assistance benefits. The statute is as follows:

(a) The Secretary shall certify a group of workers (including workers in any agricultural firm or subdivision of an agricultural firm) as eligible to apply for adjustment assistance under this part if he determines—

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

Employees must meet all three statutory criteria to be certified as eligible for trade adjustment assistance.

A reviewing court may remand a case and order the Secretary to further investigate if "good cause [is] shown. 19 U.S.C. § 2395(b). 'Good cause' exists if the Secretary's chosen methodology is 'so marred that [his] finding is arbitrary or of such a nature that it could not be based on substantial evidence.'" *Former Employees of Linden Apparel Corp.,* 13 CIT at 469, 715 F.Supp. at 381 (citations omitted). A remand was deemed warranted in *Linden,* "because the Secretary conducted an inadequate investigation, thereby failing to reach substantiated conclusions." *Id.*

■ Subsection 3 of 19 U.S.C. § 2272(a), requires Labor to determine whether there have been any *"increases of imports* of articles like or directly competitive with articles produced by" Merrow (Emphasis added). Labor stated in its October 10, 1991, Negative Determination that "U.S. imports of industrial sewing machines decreased absolutely in January—September 1990 compared with the same period in 1989." R. 38. The only evidence in the record that provides statistics of imported sewing machines during the quoted period is a table prepared by the Department of Commerce. R. 17. This table, however, does not provide information regarding the *quantity* of sewing machines imported, it only indicates the *value* of imported industrial sewing machines. Subsection 3 of 19 U.S.C. § 2272(a) does not refer to value of imports, but rather "increases of imports." This requires a determination of the *quantity* of imports. As noted in *United Rubber, Cork, Linoleum and Plastic Workers of America, Local 798 v. Donovan,* it is possible to have an absolute decrease in the *value* of imports without necessarily having an absolute de-

crease in the *quantity* of imports. 652 F.2d 702, 704 (7th Cir.1981). Thus, Labor did not base its conclusion, that imports of industrial sewing machines decreased absolutely, on substantial evidence.

In its investigation, Labor found that nearly half of Merrow's sales were from sewing machine parts. R. 47. Plaintiffs argued that increased imports of sewing machine parts could provide a basis for certification. R. 44, 47, 48. Plaintiffs claimed that Labor's survey was inadequate since it did not include sewing machine parts. *Id.* In its Negative Determination Regarding Application for Reconsideration, the Department claimed it investigated both sewing machines and sewing machine parts: "Although not specifically mentioned in the Department's denial notice, its survey was for sewing machines and sewing machine parts." R. 49. The case investigator's report stated that the survey was for "industrial sewing machines as well as parts for same (replacement components, etc.)." However, throughout its investigative report, Labor referred exclusively to sewing machines. Furthermore, although certain customers appeared to have made independent comments concerning parts, the customer survey sheets used in the investigation label the product being surveyed as sewing machines and do not mention industrial sewing machine parts.

Regardless of the adequacy of this investigation of industrial sewing machine parts, Labor argues that "[c]ustomer comments show that the Merrow sewing machine was so designed that it had to use parts from The Merrow machine company. Accordingly, increased imports of other sewing machine parts would not provide a basis for a worker group certification." R. 47, 49. The "customer comments" that Labor refers to amounted to a brief comment from [confidential]. There is not substantial evidence in the record supporting Labor's conclusion that "imports of other sewing machine parts would not provide a basis for a worker group certification."

■ Plaintiffs allege there are certain replacement parts, such as "loopers," which are generic. Plaintiffs' Brief at 10. Thus, imports of those parts could substitute for Merrow-made parts and possibly provide a basis for certification. "The relevant inquiry in this regard is whether demand for [the domestic product and import] is cross-elastic, that is, whether [the domestic product and the import] are 'substantially equivalent for commercial purposes (i.e. adapted to same uses and essentially interchangeable therefor).'" *United Rubber*, 652 F.2d at 705 (citations omitted). If Labor determines by substantial evidence on the record that only Merrow-produced machine parts can be used on Merrow machines, then any imported industrial sewing machine parts would not be cross elastic. However, Labor must determine whether there have been increases of imports of industrial sewing machine parts like or directly competitive with industrial sewing machine parts produced by Merrow in order to satisfy 19 U.S.C. § 2272(a)(3).

Plaintiffs raise the issue of whether Labor should have surveyed any prior customer who may have switched to foreign made machinery, rather than solely focusing its survey on customers who were then ordering Merrow sewing machines. Labor is directed to determine whether such an expansion of its survey would be appropriate.

## CONCLUSION

The Court concludes there is not substantial evidence on the record to support Labor's determinations denying eligibility for trade adjustment assistance to plaintiffs and that there is good cause to remand this matter to Labor for a new investigation and redetermination in accordance with this opinion. Labor shall submit the results of the completed remand redetermination to this Court within 60 days from the date of this opinion.