FORMER EMPLOYEES OF HEWLETT-PACKARD CO., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 92–02–00072

(Dated September 9, 1993)

*Edward P. Van Pelt, pro se,* for plaintiffs.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Jeffrey M. Telep), Yvonne Senning,* of counsel, United States Department of Labor, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* Plaintiffs, former employees of the Hewlett-Packard Company located in Rockaway, New Jersey challenge the determination of the Secretary of Labor ("Labor") that they are ineligible for trade adjustment assistance under 19 U.S.C. § 2272(a)(1) (1988). *Koh-l-Noor Rapidograph, et al.,* 56 Fed. Reg. 58711 (Dep't Labor 1991) (negative eligibility determination); *Hewlett-Packard Co., Rockaway, N.J.,* 56 Fed. Reg. 67103 (Dep't Labor 1991) (application for reconsideration dismissal).

Pursuant to a court ordered remand, *Former Employees of Hewlett Packard Co. v. United States,* No. 93–8 (CIT Jan. 21, 1993), Labor reinvestigated the allegations made by plaintiffs in order to determine if the certification requirements under 19 U.S.C. § 2272 (1988) were met. Based on its findings, Labor issued a determination denying certification for trade adjustment assistance. *Hewlett-Packard Co., Rockaway, N.J.* 58 Fed. Reg. 28,614 (Dep't Labor 1993) (negative reconsideration determination).

Plaintiffs request that Labor's negative determination be reversed, and that the court order Labor to grant their petition for eligibility for trade adjustment assistance. Labor opposes the motion and requests that its determination be affirmed and that the court enter a judgment dismissing the action.

This court has jurisdiction pursuant to 19 U.S.C. § 2395 (1988) and 28 U.S.C. § 1581(d)(1) (1988).

After considering the papers submitted herein, relevant case law as well as the administrative record, the court holds that Labor's determination is based on substantial evidence in the record and is in accordance with the law. The remand results submitted by Labor are therefore affirmed, and the action is dismissed.

## BACKGROUND

On October 2, 1991, Mr. Edward P. Van Pelt, a former employee of Hewlett-Packard's Rockaway, New Jersey plant, filed a petition with Labor for certification for trade adjustment assistance ("TAA") benefits

pursuant to 19 U.S.C. § 2271 (1988) on behalf of thirty-four former employees of the Rockaway plant. The plant produced computer programmable power supplies for electronic equipment. The petitioning workers were all from the metal fabrication shops of the Rockaway plant. Workers in these shops produced chassis and hardware components of the equipment manufactured by the plant. According to the petition, the anticipated date of separation of the workers was January 31, 1992.

Labor initiated an investigation with regard to the petition. On October 17, 1991, Labor requested data from Hewlett-Packard for its investigation. Hewlett-Packard responded by letter dated November 1, 1991 and indicated that Hewlett-Packard had not involuntarily terminated any employees. Hewlett-Packard therefore requested that further participation by it be excused.

Based upon the results of its investigation, Labor issued its determination on November 8, 1991, denying the petition for worker certification. Labor stated that criterion (1) of section 222 of the Trade Act of 1974, 19 U.S.C. § 2272(a)(1) (1988), was not satisfied because Hewlett-Packard had not separated workers at the Rockaway plant.

On November 26, 1991, Mr. Van Pelt requested administrative reconsideration of Labor's denial of TAA certification, arguing that Labor's decision had not properly taken into account that the jobs of the employees who took the voluntary severance package were eliminated, and that no jobs at comparable skill levels or pay were available within the company. Labor dismissed the application for lack of sufficient evidence pursuant to 19 U.S.C. § 2272(a)(1) (1988). This dismissal constituted a final determination for purposes of judicial review.

Petitioner filed for judicial review on February 5, 1992, within 60 days from the date Labor's decision was published in the Federal Register.

On January 21, 1993, this court issued an order reversing Labor's determination that the plaintiffs were not "separated" within the meaning of the statute and remanded the case to Labor to complete its investigation. Upon remand, Labor was instructed to determine whether Hewlett-Packard's sales and production had declined and whether an increase in imports contributed importantly to plaintiffs' separation and any decline in sales or production. *Former Employees of Hewlett Packard Co. v. United States,* No. 93–8 (CIT Jan. 21, 1993).

Based on the court's remand decision, Labor subsequently conducted a supplemental investigation. The investigation produced the following information which constituted the basis for Labor's findings upon reconsideration of plaintiffs' petition.

According to Hewlett-Packard's response to Labor's questionnaire issued during the investigation, [                    .] Supplemental Confidential Record ("Supp. Confidential Record") at 2; Supp. Confidential Record at 4. Hewlett-Packard stated that [                    .] Supp. Confidential Record at 3; Supp. Confidential Record at 5. Hewlett-

Packard also [                               .] Supp. Confidential Record at 8.
Finally, [                          .] Supp. Confidential Record at 10.
     Labor then contacted [                          .] Supp. Confidential Record
at 11–12.
     Next, Labor obtained [                          .] Supp. Confidential Record
at 13. [                          .] Supp. Confidential Record at 14. [
          .] Supp. Confidential Record at 15. Finally, [                          .]
Supp. Confidential Record at 16.
     Based upon the evidence obtained in the investigation, Labor issued
its final remand determination, which stated:

> Findings on reconsideration show that the increased import crite-
> rion of the Group Eligibility Requirements of the Trade Act of 1974
> was not met * * *. The company did not import power supply com-
> ponents. Company officials stated that the Metal Fab[rication]
> Shop was closed because it was cost effective for Hewlett-Packard to
> outsource the production of component parts formerly made by the
> Metal Fab[rication] Shop to local outside domestic vendors.
>      Findings on reconsideration show that the outside vendors for
> component parts for power supplies did not import any of the metal
> parts sold to Hewlett-Packard. The findings show that the metal
> fabrication parts produced by Hewlett Packard's suppliers are en-
> tirely of U.S. origin.

Supp. Record at 17–18.
     On May 6, 1993, Labor issued its remand determination, again deny-
ing plaintiffs eligibility for certification for trade adjustment assistance.
*Hewlett-Packard Co., Rockaway, N.J.*, 58 Fed. Reg. 28,614 (Dep't Labor
1993) (negative determination on reconsideration).

### STANDARD OF REVIEW

     A negative determination by Labor denying certification of eligibility
for TAA benefits will be upheld if it has been made in accordance with
the law, and is supported by substantial evidence contained in the ad-
ministrative record. *See Woodrum v. Donovan,* 5 CIT 191, 193, 564
F. Supp. 826, 828 (1983), *aff'd sub nom. Woodrum v. United States,*
2 Fed. Cir. (T) 82, 737 F.2d 1575 (1984); 19 U.S.C. § 2395(c) (1988). "Sub-
stantial evidence has been held to be more than a 'mere scintilla,' but
sufficient evidence to reasonably support a conclusion." *Former Em-
ployees of General Elec. Corp. v. U.S. Dep't Labor,* 14 CIT 608, 610 (1990)
(citations omitted).

### DISCUSSION

     Pursuant to 19 U.S.C. § 2272(a) (1988), the following eligibility re-
quirements must be met in order to qualify for TAA certification:

> (a) The Secretary shall certify a group of workers (including
> workers in any agricultural firm or subdivision of an agricultural

firm) as eligible to apply for adjustment assistance under this part if he determines—

> (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or threatened to become totally or partially separated,
>
> (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
>
> (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a) (1988). "Contributed importantly" is defined as "a cause which is important but not necessarily more important than any other cause." 19 U.S.C. § 2272(b)(1) (1988).

In its determination, Labor concluded that the third criterion above had not been satisfied. Labor found that no increases in imports of articles like or directly competitive with articles produced at the Hewlett-Packard plant contributed importantly to plaintiffs' separations.

Plaintiffs claim that Labor improperly determined that increased imports did not cause Hewlett-Packard to close the metal fabrication shops and separate workers. 19 U.S.C. § 2272(a)(3) (1988). Plaintiffs do not contest Labor's factual findings that increased imports of like or directly competitive articles were not substituted for articles produced at the plant. Instead, plaintiffs assert that Hewlett-Packard's decision to cease production was a result of indirect competition from foreign manufacturers and imported electronic equipment generally as well as the impact of indirect competition from imported power supplies. This lead to declining profits and revenues at the Rockaway plant forcing the company to cut costs to maintain market shares. Plaintiffs' Memorandum at 1. Plaintiffs' essential argument is thus that the statutory requirement that imports contributed importantly to a decline in sales or production and to a decline in employment, construed correctly, includes both direct and indirect import competition.

Defendant claims that Labor properly determined that increased imports did not cause the workers' separation. Defendant argues that 19 U.S.C. § 2272(a)(3) (1988) requires that there is an increase of imports of a like or directly competitive article with the articles produced at the Hewlett-Packard plant. Moreover, the affected firm's decrease in sales or production and employment must be caused directly by import substitution. Defendant thus argues for a narrow construction of the statute.

Specifically, defendant argues that the record demonstrates that [                              .] In addition, the record demonstrates that [                    .] [                    .] Supp. Confidential Record at 10–13.

Labor obtained additional evidence supporting this conclusion. [                                    .] Supp. Confidential Record at 14–16.

The court first examines whether Labor's investigation in the instant case was adequate to obtain the necessary information upon which to make a determination. In doing so, the court recalls that Labor possesses considerable discretion in its handling of TAA investigations. Yet, a threshold requirement of reasonable inquiry exists, and investigations that fall below this threshold cannot constitute substantial evidence upon which a determination can be affirmed. "In this regard, courts have observed that 'because of the *ex-parte* nature of the certification process, and the remedial purpose of the trade adjustment assistance program, the Secretary is obliged to conduct his investigation with the utmost regard for the interests of the petitioning workers.'" *Stidham v. U.S. Dep't Labor,* 11 CIT 548, 551, 669 F. Supp. 432 (1987) (citations omitted). Where Labor conducts an inadequate investigation by failing to make a reasonable inquiry, the court has good cause to remand the case to Labor to take further evidence pursuant to 19 U.S.C. § 2395(b) (1988).

In the case at bar, the court finds that plaintiffs have not offered any justification for disregarding Labor's customer survey as a reasonable and proper means of assessing the impact of imports on Hewlett-Packard. As noted, the investigation revealed that the customers surveyed accounted for nearly all of the decline in sales to United States non-military buyers. Labor correctly refrained from surveying foreign customers, since, as asserted by defendant, only imports into the United States are relevant for purposes of the statute. Labor also properly refrained from surveying United States military customers since, as argued by defendant, these governmental entities are statutorily obligated to purchase products manufactured in the United States. *See* 41 U.S.C. §§ 10a and 10b (1988). Defendant's Memorandum at 9. Thus, based on these facts, it was not improper for Labor to survey only three customers. Accordingly, the court must defer to Labor's choice of methodology.

Next, the court will examine plaintiffs' argument that the causal nexus between increased imports and job loss was of such a nature as to meet the statutory requirements of 19 U.S.C. § 2272(a)(3) (1988).

In evaluating the validity of plaintiffs' claim, the court notes that Congress was concerned that the Trade Act's TAA provisions not become "a general program of unemployment assistance. The Secretary was required to find an important causal nexus between imports and separation. The meaning of 'important' is not susceptible to any simple definition and Congress did not try to articulate one. As with many governmental programs, Congress looked to the administrator to develop * * * the [meaning of the] standard * * *." *United Glass & Ceramic Workers v. Marshall,* 584 F.2d 398, 407 (1978).

Accordingly, the court must, in the instant case, review Labor's denial of certification to determine if Labor acted arbitrarily, whether this

manifests itself in deviations from an ascertainable legislative mandate, unexplained rigidity in the exercise of the agency's interpretative function or inconsistency in actual application. "But a court must afford the agency substantial deference in dealing with complex and diverse applications under an admittedly vague mandate." *Id.*

The standard set out in 19 U.S.C. § 2272(a)(3) (1988) has over the years been interpreted by Labor in a uniform and consistent manner, an interpretation that has been affirmed by this court on many occasions. Under this interpretation, trade adjustment assistance is authorized for workers if it can be established that an important causal nexus exists between increased imports of like or directly competitive articles, declines in sales or production and the workers' separation from employment. *Abbott v. Donovan*, 6 CIT 92, 101, 570 F. Supp. 41 (1983). "The term 'contributed importantly' refers to the causal nexus, and suggests a direct and substantial relationship between increased imports and the decline in sales and production." *Retail Clerks Int'l Union, Local 149F v. Donovan*, 10 CIT 308, 311 (1986) (citing *Estate of Finkel v. Donovan*, 9 CIT 374, 382, 614 F. Supp. 1245 (1985)).

Consequently, the court must determine whether Labor incorrectly found that the requisite direct and substantial relationship does not exist in the case at bar. A review of the agency record leaves the court unpersuaded by plaintiffs' argument. First, as demonstrated above, there was no increase in like or directly competitive articles. Next, the effect of declining revenue due to imports, whether of general electronic equipment or of power supplies, on Hewlett-Packard's work force, sales, and production of metal chassis does not constitute the important causal nexus required by the statute as it has consistently been interpreted by Labor and by this court.

In prior cases, this court has rejected the claim that the requisite relationship between imports and job loss exists where the employer's decision to down size is based on falling revenue due to a general decline in prices caused by increased imports. In *Former Employees of CSX Oil & Gas Corp. v. U.S. Dep't Labor*, 13 CIT 645, 720 F. Supp. 1002 (1989), the court affirmed Labor's denial of certification of workers for TAA when the employer's revenue declined due to a world-wide oversupply of crude oil even though its sales of crude oil and natural gas increased. In its decision affirming Labor's determination, the court stated that:

> [w]hile plaintiffs' job loss may well have been "caused," in a purely economic or lay sense, by cheap crude oil imports, the trade adjustment assistance law was not intended by Congress to provide assistance to all workers who lose their jobs due in some measure to imports. *Id* at 650.

Based on the above, the court determines that Labor was within its discretion when it determined that the causal nexus required by the

TAA statute was not satisfied by the general presence of imported electronic equipment or power supplies in the market.

Finally, plaintiffs assert that Hewlett-Packard's actual reason for closing the operation was not increased imports, but a desire to cut costs associated with health care and other benefits. Plaintiff's Memorandum at 2. Relevant case law has consistently held that the TAA statute does not apply when a company closes because economic factors make continued operations impractical rather than due to direct import competition. "'While it is [also] true that the assistance provisions are to be construed liberally * * * the parameters of [the statute] cannot be ignored. The benefits of the Act are not universal and some hardship may result.'" *Former Employees of CSX Oil & Gas Corp. v. U.S. Dep't Labor,* 13 CIT 645, 650, 720 F. Supp. 1002 (19893 (quoting *Pemberton v. Marshall,* 639 F.2d 798, 800 (D.C. Cir. 1981)). The court sympathizes with the unfortunate and difficult circumstances plaintiffs' job loss may have imposed upon them, but the court is bound to apply the statute as intended by Congress.

Accordingly, Labor's negative determination is sustained.

### CONCLUSION

After a thorough review of the record, the contentions of the parties, and the applicable law, the court concludes that Labor's determination that former employees of the Hewlett-Packard, Rockaway, New Jersey plant were not separated due to increased imports, and therefore are not qualified for TAA under 19 U.S.C. § 2272(a) (1988), is supported by substantial evidence in the record, and is in accordance with the law.

Consequently, Labor's negative determination denying eligibility for certification is affirmed, and plaintiffs' action is dismissed.