**FORMER EMPLOYEES OF MERROW MACHINE COMPANY, Plaintiffs,**

v.

**The UNITED STATES SECRETARY OF LABOR, Defendant.**

Slip Op. 94–6.

Court No. 92–01–00002.

United States Court of International Trade.

Jan. 13, 1994.

Ross & Hardies, Michelle F. Forte, New York City, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Civil Div., Commercial Litigation Branch, U.S. Dept. of Justice, Reginald T. Blades, Jr., Washington, DC, for defendant.

## OPINION

CARMAN, Judge:

Plaintiffs contest the Department of Labor's (Labor) remand determination in *Merrow Machine Co., Newington, CT; Negative Determination on Reconsideration,* 58 Fed. Reg. 16,418 (1993) (*Remand Determination*). Plaintiffs request the Court to remand this action to Labor for a supplemental investigation of plaintiffs' petition for trade adjustment assistance. Defendant seeks to have its remand determination sustained. The Court retained jurisdiction over this matter during the pendency of the Department of Labor's remand investigation.

BACKGROUND

Plaintiffs were separated from employment with Merrow in January and February 1991. Subsequent to their separation and request for trade adjustment assistance, the Department of Labor issued a negative determination denying plaintiffs certification of eligibility to apply for trade adjustment assistance. *Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance,* 56 Fed.Reg. 55,690 (1991). Labor based its decision on plaintiffs' failure to satisfy the eligibility requirement of 19 U.S.C. § 2272(a)(3) (1988). *Id.* Plaintiffs appealed Labor's determination and this Court remanded the case to Labor. *Former Employees of Merrow Mach. Co. v. Martin,* 17 CIT ——, 812 F.Supp. 217 (1993).

The Court ordered Labor to investigate three issues: (1) whether there was an increase in the quantity of imported sewing machines like or directly competitive with sewing machines produced by Merrow; (2) whether only Merrow-produced machine parts can be used on Merrow sewing machines, and if not, whether there was an increase of imports of industrial sewing machine parts like or directly competitive with industrial sewing machine parts produced by Merrow; and (3) whether it would be appropriate for Labor to survey any prior Merrow customer who may have switched to foreign-made machinery. *Id.* at ——, 812 F.Supp. at 220–21.

On remand Labor determined there was a decrease in the quantity of imported sewing machines like or directly competitive with sewing machines produced by Merrow in its remand determination. Supplemental Administrative Record at 3(SR.). None of Merrow's domestic customers reported purchasing imported sewing machine parts in 1990 or 1991. *Remand Determination,* 58 Fed. Reg. at 16,418. Based on Merrow company officials' responses, Labor found the market for Merrow substitutable parts is too small to attract competition. *Id.* Additionally, Labor determined expanding the customer survey to former Merrow customers would serve little purpose because no current worker separations would be related to the loss of these customers. *Id.* Labor affirmed, therefore, its original negative determination. *Id.*

### CONTENTIONS OF THE PARTIES

Plaintiffs argue Labor's investigation on remand was incomplete and inadequate and must be remanded once again for Labor to conduct a proper investigation. According to plaintiffs, Labor failed to investigate whether there were increased imports of replacement parts which are competitive with Merrow-produced parts. Plaintiffs also complain Labor acted arbitrarily and capriciously in deciding it was unnecessary to expand its survey to former customers of Merrow.

Labor contends its remand determination should be sustained because plaintiffs have failed to satisfy the eligibility requirement of "increases of imports" imposed by 19 U.S.C.

§ 2272(a)(3) (1988). According to Labor, foreign-made sewing machine parts do not compete with Merrow-produced parts and, therefore, the imports of such parts need not be analyzed. Labor maintains it is unnecessary to survey former Merrow customers who may have switched to foreign-made machinery because such customer shifts would relate to earlier employment displacements, not the instant displacements.

### STANDARD OF REVIEW

A negative determination by the Secretary of Labor denying certification of eligibility for trade adjustment assistance will be upheld if it is supported by substantial evidence on the record and is otherwise in accordance with law. *See Woodrum v. Donovan,* 5 CIT 191, 193, 564 F.Supp. 826, 828 (1983), *aff'd sub nom. Woodrum v. United States,* 2 Fed.Cir.(T) 82, 737 F.2d 1575 (1984). The findings of fact by the Secretary are conclusive if supported by substantial evidence. 19 U.S.C. § 2395(b). "Substantial evidence is something more than a 'mere scintilla,' and must be enough reasonably to support a conclusion." *Ceramica Regiomontana, S.A. v. United States,* 10 CIT 399, 405, 636 F.Supp. 961, 966 (1986), *aff'd,* 5 Fed. Cir.(T) 77, 810 F.2d 1137 (1987) (citations omitted).

### DISCUSSION

The Department of Labor must follow the requirements of 19 U.S.C. § 2272 when determining whether a group of workers is eligible for trade adjustment assistance benefits. The relevant portion of the statute provides as follows:

(a) The Secretary shall certify a group of workers (including workers in any agricultural firm or subdivision of an agricultural firm) as eligible to apply for adjustment assistance under this part if he determines—

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a) (1988). Employees must meet all three statutory criteria to be certified as eligible for trade adjustment assistance.

The supplemental administrative record reflects a decrease in the quantity of industrial sewing machines imported in 1990 compared to 1989. S.R. at 3. Accordingly, Labor argues plaintiffs have failed to satisfy 19 U.S.C. § 2272(a)(3). Plaintiffs do not contest Labor's finding with respect to the decrease in imports of industrial sewing machines. Plaintiffs' Brief at 1 n. 1. Plaintiffs argue, however, they could still be eligible for trade adjustment assistance based on the possible increase of imports of industrial sewing machine replacement parts which Labor did not investigate.

The Court declines to remand the case for Labor to analyze the level of imported industrial sewing machine replacement parts. The supplemental administrative record indicates the market for Merrow replacement parts is too small to attract competition. Confid.S.R. at 25. As a result, the Court finds Labor's determination not to investigate imports of industrial sewing machine replacement parts to be based on substantial evidence on the record. Furthermore, because plaintiffs have failed to satisfy 19 U.S.C. § 2272(a)(3)'s "increases of imports" requirement, the Court sustains Labor's negative determination.

■ Plaintiffs also complain Labor did not expand its customer survey to prior Merrow customers. The Court finds no merit in this argument. The Court instructed Labor on remand to "determine whether such an expansion would be appropriate." *Merrow*, 17 CIT at ——, 812 F.Supp. at 221. The Court finds Labor properly determined such an expansion would be inappropriate because former customer shifts would not have affected worker displacements during 1991.

## CONCLUSION

After considering all of plaintiffs' arguments, the Court holds the Department of Labor's final negative determination is supported by substantial evidence on the record and is otherwise in accordance with law. Therefore, *Merrow Machine Co., Newington, CT; Negative Determination on Reconsideration*, 58 Fed.Reg. 16,418 (1993) is sustained and this case is dismissed.

## JUDGMENT

### ORDER

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

**ORDERED** that plaintiffs' motion is denied; and it is further

**ORDERED** that the Department of Labor's determination in *Merrow Machine Co., Newington, CT; Negative Determination on Reconsideration*, 58 Fed.Reg. 16,418 (1993) is sustained; and it is further

**ORDERED** that the action is dismissed.