FORMER EMPLOYEES OF PERMIAN
CORP., Plaintiffs,

v.

UNITED STATES, Defendant.

Court No. 89-01-00050.

United States Court of
International Trade.

Aug. 24, 1989.

James L. Lalicker, pro se.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Velta A. Melnbrencis), Civ. Div., U.S. Dept. of Justice, for defendant.

OPINION

RESTANI, Judge:

Plaintiffs, former employees of Permian Corp. bring this action challenging the determination of the Secretary of Labor (Labor) that they are ineligible for trade adjustment benefits under section 223 of the Trade Act of 1974 (the Act), 19 U.S.C. § 2273 (1982 & Supp. V 1987). Public Record Document Number (PR) at 24; 53 Fed.Reg. 38,104-105 (Sep. 29, 1988). Under section 223 of the Act, Labor must determine whether the petitioning group meets the eligibility requirements set forth in section 222 of the Act[1] and issue a certification of eligibility to apply for assistance to any worker group meeting such requirements. 19 U.S.C. § 2273(a). The statute also provides, in relevant part:

**(b) Workers covered by certification**

A certification under this section *shall not apply* to any worker whose last total or partial separation from the firm or appropriate subdivision of the firm before his application under section 2291 of this title occurred—

(1) *more than one year before the date of the petition* on which such certification was granted ...

19 U.S.C. § 2273(b) (1982) (emphasis added).

With the enactment of the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100-418, 102 Stat. 1107, Congress established a one-time exception to the one year petition filing requirement of § 2273(b). The exception applies to workers separated after September 30, 1985 from firms engaged in the exploration or drilling for oil or natural gas, who were not eligible for adjustment assistance prior to

---

1. The section 222 group eligibility requirements are found at 19 U.S.C. § 2272 (1982 & Supp. V 1987) which states in relevant part that:

The Secretary shall certify a group of workers ... as eligible to apply for adjustment assistance under this part if he determines—
(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

the 1988 amendment. The statute directs Labor to consider the petitions of such workers timely so long as they are submitted within 90 days after August 23, 1988, the effective date of the 1988 Act. Prior to the enactment of the 1988 Act, workers engaged in the exploration or drilling for oil had been held not to "produce" an article within the meaning of the statute. *See Former Employees of Zapata Offshore Co. v. United States*, 11 CIT ——, Slip Op. 87–124, 1987 WL 14691 (Nov. 9, 1987). Section 1421(a) of the 1988 Act amended 19 U.S.C. § 2272 by adding at the end thereof a new subsection (b) which states in relevant part:

(b) For purposes of subsection (a)(3)

. . . .

(2)(A) Any firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas, shall be considered to be a firm producing oil or natural gas.

(B) Any firm, or appropriate subdivision of a firm, that engages in exploration or drilling for oil or natural gas, or otherwise produces oil or natural gas, shall be considered to be producing articles directly competitive with imports of oil and with imports of natural gas.

102 Stat. at 1242–43.

## DISCUSSION

On September 6, 1988, three former workers of the Permian Corporation, located in Hays, Kansas, filed a petition for certification of eligibility for trade adjustment assistance benefits pursuant to 19 U.S.C. § 2271 (1982 & Supp. V 1987). The petition stated that the Permian Corp. was in the business of transporting and selling domestic crude oil which is used to produce fuel, plastics, etc. The petition alleged that the lower cost of imported crude oil had made it difficult for the domestic industry to produce oil competitively and that a resulting decline in domestic production had "drastically cut into Permian's business." PR at 2.

Since the worker separations in this case occurred in 1986, plaintiffs' September 1988 petition was clearly untimely under the statute as it existed prior to the enactment of the 1988 Act. *See United Mine Workers of America v. Brock*, 11 CIT ——, 664 F.Supp. 543 (1987). On November 10, 1988, Labor issued its determination that the workers of Permian Corp. were not eligible to apply for adjustment assistance. This determination was based on Labor's finding that the workers of Permian Corp. were not engaged in the exploration or drilling for oil or natural gas. Therefore, plaintiffs were not covered by the retroactive provision of section 1421(a) of the 1988 Act. PR at 24. Specifically, Labor's investigation revealed that Permian Corp. was in the business of transporting and marketing crude oil purchased from unaffiliated oil companies. PR at 2, 6, 16. Plaintiffs do not dispute this finding, but argue generally that they are entitled to eligibility because their layoffs were due to oil imports from the Middle East. Plaintiffs argue that these imports led to a decline in the price of oil, which caused domestic oil companies to shut down wells, which left Permian Corp. "with no oil to haul." PR at 28. The court disagrees with plaintiffs' argument, and finds Labors' determination denying eligibility to be supported by substantial evidence. 19 U.S.C. § 2395(b) (1982).

Although the court recognizes that plaintiffs' jobs at the Permian Corp. were related to the domestic oil industry and that the Permian Corp. appears to have been adversely affected by a downturn in that industry caused by low priced imported oil, this relationship does not render plaintiffs eligible for adjustment assistance benefits. Rather, as indicated *supra*, plaintiffs must meet the specific eligibility requirements set forth in the statute. When Congress amended § 2272 in 1988, it did so because it realized that "exploration, drilling and production activities in the crude oil and natural gas industries are inextricably linked." H.Conf.Rep. No. 576, 100th Cong., 2d Sess. 694 *reprinted in* 1988 U.S.Code Cong. & Admin.News 1547, 1727. Congress went on to explain that, "[f]or the purposes of this amendment, the conferees consider firms engaged in exploration or drilling to include, for example, independent drillers, pumpers, seismic and geophysical crews, geological crews, and mud companies." *Id.*

Thus, the legislative history of this amendment indicates that it is intended to apply to a distinct category of workers, namely those working for companies involved in locating and extracting oil from the ground, and not more generally to any workers in related industries who may have been adversely affected in some way by oil imports.[2] The court finds that Labor did not err when it determined that the workers of Permian Corp. did not fall within the specific category of workers contemplated by the amendment.

Accordingly, the court affirms Labor's determination that plaintiffs are ineligible for trade adjustment benefits.

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

IT IS HEREBY ORDERED: that this action is dismissed.

2. That Congress did not intend the amendment to cover such a broad group of workers is further supported by the fact that Congress included in the 1988 Act a new provision which appears to relate more closely to the situation complained of by plaintiffs. Under section 1421(b)(1) of the Act, paragraph (3) of section 222(a) of the Trade Act of 1974 (19 U.S.C. § 2272(a)(3)) is amended to read as follows:

(3) increases of imports of articles like or directly competitive with articles—

(A) which are produced by such workers' firm or appropriate subdivision thereof, or

(B) *for which such workers' firm, or appropriate subdivision thereof, provides essential goods or essential services,* contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

102 Stat. at 1243–44 (emphasis added). Because this provision has not yet taken effect, *see* section 1430 of the 1988 Act, 102 Stat. at 1257 (19 U.S.C. § 2397 note), it provides no relief for plaintiffs in this case.