FORMER EMPLOYEES OF HAWKINS OIL AND GAS, INC., Plaintiff,

v.

UNITED STATES SECRETARY OF LABOR, Defendant.

Court No. 90–02–00083.

United States Court of International Trade.

Feb. 18, 1993.

---

Squire, Sanders & Dempsey, Callie Georgeann Pappas and Emily B. Myers, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice Jeffrey M. Telep (Gary Bernstecker, Atty., Office of the Sol., U.S. Dept. of Labor, of counsel), for defendant.

## OPINION

TSOUCALAS, Judge:

Pursuant to Rule 56.1 of the Rules of this Court, plaintiff Sheree P. Henderson, a former employee of Hawkins Oil and Gas, Inc. ("Hawkins"), moves for judgment upon the agency record challenging the most recent determination by the United States Department of Labor ("Labor") in *Hawkins Oil and Gas, Inc.; Tulsa, OK; Negative Determination on Reconsideration* ("*Negative Determination*"), 57 Fed.Reg. 10,924 (1992).

## BACKGROUND

The facts of this case were set forth in detail in *Former Employees of Hawkins Oil & Gas, Inc. v. United States Secretary of Labor*, 15 CIT ——, Slip Op. 91–115, 1991 WL 278792 (Dec. 23, 1991). In summary, the petition for trade adjustment assistance in this case, dated October 9, 1989, was filed by three workers of the exploration staff in the Geology Department of Hawkins on behalf of all workers of Hawkins, Tulsa, Oklahoma. *Negative Determination*, 57 Fed.Reg. 10,-924.[1] The three workers were separated from employment in mid–1989. *Id.* Labor subsequently initiated an investigation to determine whether plaintiff was entitled to trade adjustment assistance. Plaintiff's petition was denied on December 18, 1989. Specifically, Labor determined that increased imports of like or directly competitive articles had not "contributed importantly" to the workers' separation from employment. Plaintiff challenged Labor's negative determination and requested a remand and, upon remand, a more complete investigation. On December 23, 1991, this Court ordered the instant action remanded to Labor with instructions to conduct a new investigation regarding plaintiff's eligibility for trade adjustment assistance under 19 U.S.C. § 2272 (1988 & Supp.1992). *Hawkins Oil & Gas*, 15 CIT ——, Slip Op. 91–115, 1991 WL 278792 (1991).

On March 31, 1992, Labor published its second remand determination. *Negative Determination*, 57 Fed.Reg. at 10,924. In the instant action, plaintiff now challenges (1) Labor's determination that plaintiff did not qualify for trade adjustment assistance; (2) the adequacy of Labor's investigation; (3) Labor's failure to analyze the impact of imports on the domestic oil and gas market and on Hawkins' exploration activities; and (4) Labor's failure to analyze the nature of plaintiff's employment. Labor maintains its determination is supported by substantial evidence on the administrative record indicating that increased imports did not "contribute importantly" to the separations of the former Hawkins employees.

## DISCUSSION

19 U.S.C. § 2271 *et seq.* (1988 & Supp. 1992), was designed to provide temporary financial assistance for workers who have been partially or totally displaced as a result of increased imports. *Former Employees of Parallel Petroleum Corp. v. U.S. Secretary of Labor*, 14 CIT 114, 118, 731 F.Supp. 524, 527 (1990); *Former Employees of Linden Apparel Corp. v. United States*, 13 CIT 467, 715 F.Supp. 378, 379 (1989). Entitlement to the benefits is governed by 19 U.S.C. § 2272. That section provides in pertinent part:

**Group eligibility requirements; agricultural workers; oil and natural gas industry**

(a) The Secretary shall certify a group of workers ... as eligible to apply for adjustment assistance under this part if he determines—

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have *decreased absolutely*, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof *contributed importantly* to such total or partial separation, or threat thereof, and to such decline in sales or production.

*Id.* (emphasis supplied).

Labor claims that it denied plaintiff's petition for trade adjustment assistance in the most recent remand because plaintiff did not meet the "contributed importantly" and the "decreased employment" criteria of the statute. 57 Fed.Reg. at 10,924.

*Contributed Importantly*

■ According to § 2272, in order for a worker group to be eligible for trade adjustment assistance, an increase in imports or

---

1. The three workers were Sheree P. Henderson, geological technician; Richard D. Easley, senior exploration geologist; and Gary J. Rowell, also a senior exploration geologist.

the like must have "contributed importantly" to the worker separations, and to declines in sales or production at the workers' firm. "Contributed importantly" is defined as "a cause which is important but not necessarily more important than any other cause." 19 U.S.C. § 2272(b)(1) (1988 & Supp.1992).

In conducting its investigation on remand, Labor surveyed those Hawkins' customers (two in total) who had previously indicated that their purchases from Hawkins had decreased during the period of investigation. 57 Fed.Reg. at 10,924. The first response by a surveyed customer stated that it did not purchase any crude oil and did not import natural gas. The other stated that it did not import natural gas but did import crude oil.

In conducting its survey, however, Labor only requested data regarding the customers' purchases from Hawkins and did not solicit data or opinions regarding the overall condition of the domestic oil and gas market. Furthermore, Labor did not inquire about any role imports may have played in this condition. Hawkins itself furnished Labor with a customer list showing its sales to customers by year and period. The list showed a decline of natural gas prices, yet Labor disregarded the list as "not significant" without any further explanation. *Id.*

In making its determination, Labor also relied on a letter from Hawkins stating that the company ceased drilling due to changes in the tax code and that weak oil and gas prices made it difficult to obtain exploration capital. *Id.* Labor, however, failed to evaluate and investigate the connection between oil and gas imports and the decline in the prices of oil and gas. Plaintiff claims that without an evaluation of the causes of the domestic oil and gas price drop it is impossible for Labor to pass on plaintiff's contention that imports "contributed importantly" to the separation of Hawkins' entire Geological Division.

The administrative record in fact is void of any data whatsoever on the domestic price for oil and gas during the relevant time period. Ironically, this data is published by the Department of Labor. The fact that it had the information available to it and didn't even bother to look at it is inexcusable. It is apparent that Labor has once again failed to perform an adequate investigation and it is difficult to comprehend how any determination at all could have been made without further inquiry.

*Decreased Employment*

██ Labor also claims that it denied plaintiff's petition for trade adjustment assistance because the decreased employment criterion of section 2272 was not met since "there were no layoffs in 1988 and only the three production workers (petitioners) were laid off in 1989." *Id.* The fact of the matter is, however, that three workers of the "appropriate subdivision" of Hawkins (the Geological Division) were separated from employment in 1989, and this represented 100% of the employees in that division. Labor's contention that the employees were not separated from employment in 1988 is irrelevant.

Furthermore, plaintiff claims that in its most recent investigation Labor failed to analyze the nature of plaintiff's employment. Plaintiff contends that it constituted a separate subdivision, which was affected by imports of oil and natural gas. Labor, however, claims that plaintiff and the two geologists she assisted were "production workers" and that, therefore, plaintiff does not meet the "decreased employment" criterion of section 2272. Once again, Labor does not offer any concrete support for this conclusion. In fact, the last time this Court remanded this case to Labor, the Court stated that Labor should provide "an explanation of the criterion used to determine whether workers are identifiable by operations." *Hawkins Oil & Gas*, 15 CIT at ——, Slip Op. 91–115 at 9. Labor has again ignored the direction of this Court.

██ When Labor is presented with a petition for trade adjustment assistance, it has an affirmative duty to investigate whether petitioners are members of a group which Congress intended to benefit from the legislation. *Stidham v. U.S. Dep't of Labor*, 11 CIT 548, 551, 669 F.Supp. 432, 435 (1987); *Cherlin v. Donovan*, 7 CIT 158, 162, 585 F.Supp. 644, 647 (1984).

■ Accordingly, although this Court must uphold Labor's determinations regarding certification for trade adjustment assistance if they are supported by substantial evidence, 19 U.S.C. § 2395(b) (1988 & Supp. 1992); *see also, Former Employees of General Electric Corp. v. U.S. Dep't of Labor,* 14 CIT 608, 611, 1990 WL 129488 (1990); *Woodrum v. Donovan,* 5 CIT 191, 193, 564 F.Supp. 826, 828 (1983), *aff'd sub nom. Woodrum v. United States,* 737 F.2d 1575 (Fed.Cir.1984), a reviewing court may remand a case and order the Secretary to further investigate if "good cause [is] shown." 19 U.S.C. § 2395(b); *Local 116 v. U.S. Secretary of Labor,* 16 CIT ——, ——, 793 F.Supp. 1094, 1096 (1992); *Linden Apparel Corp.,* 13 CIT at 469, 715 F.Supp. at 381.

■ This Court, however, has unequivocally declared that no deference is due to determinations based on inadequate investigations. *General Electric Corp.,* 14 CIT 608; *United Electrical Radio and Machine Workers of America v. Dole,* 14 CIT 818, 1990 WL 211025 (1990). In both of the aforementioned cases, the court established that although Labor possesses considerable discretion in handling trade adjustment assistance investigations, there exists a threshold requirement of reasonable inquiry. Investigations that fall below this threshold cannot constitute substantial evidence upon which a determination can be affirmed. In the case at hand, Labor has repeatedly ignored the Court's instructions to conduct a more thorough investigation. After three tries the record continues to be scant and Labor has once again failed to substantiate its conclusions. Thus, ordering another remand in this case would be futile.

■ As plaintiff has requested in this case, the Court also has the power to order the Secretary to certify the entire plant. *See United Electrical, Radio and Machine Workers of America v. U.S. Dep't of Labor,* 15 CIT ——, ——, Slip Op. 91–53 at 19, 1991 WL 117400 (June 27, 1991). According to 19 U.S.C. § 2395(c), the "Court of International Trade shall have jurisdiction to affirm the action of the Secretary of Labor ... or to set such action aside, in whole or in part."

In *United Electrical, Radio and Machine Workers,* 15 CIT ——, Slip Op. 91–53, the court expressed frustration with Labor's repeated failure to conduct an adequate investigation and in order to remedy the hardships experienced by the displaced workers, ordered Labor to certify the aggrieved group of employees. The court stated that "[n]o purpose would be served by yet another remand. Questions regarding this investigation will always remain. Nevertheless, '[a]ll things must end—even litigation.'" *Id.* at ——, Slip Op. 91–53 at 19 (quoting *Southern Rambler Sales, Inc. v. American Motors Corp.,* 375 F.2d 932, 938 (5th Cir.), *cert. denied,* 389 U.S. 832, 88 S.Ct. 105, 19 L.Ed.2d 92 (1967)).

In the instant case, the Court has combed the administrative record in search of substantial evidence to support Labor's determination. The record, however, lacks any meaningful discussion regarding the investigative measures undertaken by the agency.

Under the circumstances, the Court cannot in good conscience affirm Labor's remand determination. The investigation put forth by Labor was once again the product of laziness which as a result yielded a sloppy and inadequate investigation. Remanding this case again would serve no purpose as Labor has already had three opportunities to perform an adequate investigation. As a result, the Court remains unsatisfied with Labor's efforts and is faced with no alternative other than to certify plaintiff as eligible for trade adjustment assistance.

## CONCLUSION

Accordingly, the Court finds that Labor's repeated denial of plaintiff's petition for certification is not supported by substantial evidence and, therefore, the Secretary of Labor shall certify plaintiff as eligible for trade adjustment assistance.

## JUDGMENT