**Slip Op. 09-73**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BAO ZHU CHEN, MEI YUN ZHENG, and CONNIE CHEN, FORMER EMPLOYEES OF ADVANCED ELECTRONICS, INC., <br><br>      Plaintiffs, <br><br>      v. <br><br> HILDA L. SOLIS, SECRETARY, UNITED STATES DEPARTMENT OF LABOR, <br><br>      Defendant. | **Before: Timothy C. Stanceu, Judge** <br><br> **Court No. 06-00337** |

## OPINION AND ORDER

[Granting request for voluntary remand of determination denying eligibility for benefits under the Trade Adjustment Assistance and Alternative Trade Adjustment Assistance programs]

Dated: July 16, 2009

*Greater Boston Legal Services* (*Cynthia Mark* and *Monica Halas*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Meredyth Cohen Havasy*); *R. Peter Nessen* and *Frank Buckley*, Office of the Solicitor, United States Department of Labor, of counsel, for defendant.

Stanceu, Judge: Before the court is the Notice of Negative Determination On Remand ("Third Notice") of the United States Department of Labor ("Labor" or the "Department") responding to the court's remand order in *Chen v. Chao*, 32 CIT __, 587 F. Supp. 2d 1292 (2008). Also before the court are a motion by defendant for a voluntary remand allowing Labor to reconsider the negative determination in the Third Notice and reopen its investigation, and a motion by plaintiffs for judgment on the agency record. Plaintiffs oppose defendant's motion for

a voluntary remand and instead seek an order directing the Department to certify them as eligible for various trade adjustment assistance benefits. For the reasons stated herein, the court grants defendant's motion for a voluntary remand, grants plaintiffs' motion for judgment on the agency record to the extent that the motion seeks to have the Department's Third Notice set aside, and denies plaintiffs' motion to the extent that the motion seeks an order directing an affirmative finding of eligibility.

## I. BACKGROUND

Plaintiffs Bao Zhu Chen, Mei Yun Zheng, and Connie Chen (collectively, "plaintiffs") are three former employees of Advanced Electronics, Inc. ("Advanced Electronics," the "Company," or the "subject firm"), a company that previously manufactured printed circuit boards in Boston, Massachussetts. Plaintiffs sought adjustment assistance benefits under the Trade Adjustment Assistance ("TAA") and Alternative Trade Adjustment Assistance ("ATAA") programs administered under Title II of the Trade Act of 1974, as amended, 19 U.S.C. §§ 2271-2321, 2395 (Supp. V 2005). In *Chen*, the court concluded that the Department's second negative determination of eligibility, which the Department issued following the court's grant of its request for a voluntary remand, was not in compliance with law. *Chen*, 32 CIT at __, 587 F. Supp. 2d at 1295, 1302. The court concluded that Labor's investigation, which failed to determine the cause of the Company's loss of sales to a significant foreign customer, was inadequate to determine, as required by 19 U.S.C. § 2272(a)(1) and (a)(2)(A), whether increased imports of articles like or directly competitive with the Company's printed circuit boards occurred and contributed importantly to the decline in the Company's sales or production and to plaintiffs' separation from employment. *Id.* at __, 587 F. Supp. 2d at 1302. The court directed

the Department to issue a new determination on the issue of plaintiffs' eligibility to be certified for TAA and ATAA benefits that is supported by substantial evidence and in accordance with law. *Id*. Specifically, the court ordered the Department to reopen its investigation and the administrative record and to attempt in the reopened investigation to determine whether, and to what extent, an increase in imports into the United States of articles like or directly competitive with the Company's printed circuit boards caused the Company to lose business from its foreign customer. *Id.*

The Department, in the Third Notice, once again determined that plaintiffs are not eligible for benefits under the TAA and ATAA, concluding that plaintiffs did not meet the statutory eligibility requirements of 19 U.S.C. § 2272(a)(1) and (a)(2)(A). Third Notice 4-6. Based on its post-remand investigation of the foreign customer, the Department found that "while the foreign customer did switch its order from the subject firm to another domestic vendor, the domestic vendor that replaced the subject firm did not import into the United States any of the printed circuit boards it sold to the subject firm's foreign customer." *Id.* at 6. The Department proceeded to conclude that plaintiffs' separation from employment at Advanced Electronics was not attributable to increases in imports of like products "[b]ecause there was no finding of increased imports of article[s] like or directly competitive with the printed circuit boards produced by the subject firm." *Id.* at 6.

## II. DISCUSSION

Plaintiffs' motion for judgment on the agency record contests the negative determination announced in the Third Notice, arguing that the Department did not conduct an investigation adequate to satisfy the court's previous remand order and that the negative determination is based

on insubstantial evidence.  Pls.' Mot. for J. on the Admin. R. 1-2.  Plaintiffs support this motion

by pointing out that the foreign customer relied on two separate suppliers to replace the

purchases of printed circuit boards previously made from Advanced Electronics and objecting

that the Department's analysis, as set forth in the Third Notice, addresses only one such supplier.

Pls.' Resp. to Def.'s Third Notice of Negative Determination in Supp. of Mot. for J. on the

Admin. R. 4 ("Pls.' Br.").  Plaintiffs assert that one of the two suppliers that replaced Advanced

Electronics denied doing business with the foreign customer and fault the Department for not

reconciling the alleged denial with the foreign customer's claim that it had dealt with this

supplier.  *See* Def.'s Mot. for Voluntary Remand 5-6 (summarizing plaintiffs' arguments).

Plaintiffs contend that the Department's investigation of both replacement suppliers was

inadequate in failing to address the issue of whether the suppliers acted as reexporters of

imported printed circuit boards.  *See id.* at 6.  Arguing that further remand to the Department

would be futile, plaintiffs seek an order compelling the Department to certify all workers laid off

from Advanced Electronics "on or about September, 2005."  Pls.' Br. 1, 5-6.

In its motion for a voluntary remand, defendant states that the Department would reopen

the administrative record, conduct further investigation to resolve outstanding issues, reconsider

its negative determination, and issue a redetermination as to whether plaintiffs are eligible for

worker adjustment assistance benefits under the TAA and ATAA.  Def.'s Mot. for Voluntary

Remand 6-7, Attach. 1.  In particular, defendant seeks a remand so that the Department can

"clarify the relationship between the foreign customer and the first supplier and further

investigate any reexport activity by the first supplier."  *Id.* at 6.  Defendant also states that it seeks

a remand to allow the Department "to further investigate the second supplier's sales to the

foreign customer and the second supplier's import and/or reexport of printed circuit boards." *Id.* According to defendant, "remand would not be futile because it would permit Labor to clarify the responses it received from the first supplier and receive and evaluate responses from the second supplier." *Id.* Defendant states that the remand would result in either "the certification of the workers; or . . . a reaffirmation of Labor's previous determination accompanied by more detailed factual and/or legal analysis in support of the determination." *Id.*

In opposing defendant's motion for voluntary remand, plaintiffs argue that the Department already has had three opportunities to investigate whether plaintiffs are eligible for TAA benefits and "has failed once again to ascertain the information necessary to determine whether increased imports contributed importantly to the employees' separation." Pls.' Opp'n to Def.'s Mot. for Voluntary Remand 2 ("Pls.' Opp'n to Voluntary Remand"). Relying on *Former Employees of Hawkins Oil and Gas, Inc. v. United States Secretary of Labor*, 17 CIT 126, 129, 814 F. Supp. 1111, 1115 (1993) ("*Hawkins*") and *United Electrical, Radio and Machine Workers of America v. Martin*, 15 CIT 299 (1991) ("*United Electrical, Radio and Machine Workers*"), plaintiffs advocate that the court order the Department to certify them for TAA and ATAA benefits. *Id.*

In *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001), the Court of Appeals for the Federal Circuit ("Court of Appeals") discussed the appropriate standard of review to apply to an agency's motion for voluntary remand of an administrative determination. Therein, the Court of Appeals addressed the various types of voluntary remand situations that could arise. *See SKF USA Inc.*, 254 F.3d at 1027-30. The Court of Appeals opined that a reviewing court has discretion over whether to remand where, as here, there are no "intervening

events," *i.e.*, legal decisions that would affect the outcome of the agency's determination, but the agency nonetheless requests "a remand (without confessing error) in order to reconsider its previous position." *Id.* at 1028-29. The Court of Appeals further noted that remand is generally appropriate under such circumstances "if the agency's concern is substantial and legitimate" but may be refused "if the agency's request is frivolous or in bad faith." *Id.* at 1029.

In *Chen*, the court ordered the Department to conduct an investigation to determine whether, and to what extent, an increase in imports into the United States of articles like or directly competitive with the Company's printed circuit boards caused Advanced Electronics to lose business from its foreign customer. *See Chen*, 32 CIT at __, 587 F. Supp. 2d at 1302. Thus far, Labor has gathered information as to which companies replaced Advanced Electronics as suppliers of printed circuit boards to the foreign customer, as well as some information concerning the manufacturing practices of one of those suppliers. *See* Def.'s Mot. for Voluntary Remand 4-5. The Department now sees the need to "clarify the relationship between the foreign customer and the first supplier and further investigate any reexport activity by the first supplier" and to "investigate the second supplier's sales to the foreign customer and the second supplier's import and/or reexport of printed circuit boards." *Id.* at 6. The court reasonably may infer from the defendant's motion that the Department does not consider the evidence obtained to date sufficient to make the findings of fact necessary for determining whether the Company's loss of business from its foreign customer is attributable to increased imports of printed circuit boards into the United States. The Department appears to consider a remand necessary to its attempt to obtain the information it needs to make such findings. For these reasons, defendant's concern in

requesting another remand must be seen as "substantial and legitimate," *see SKF USA Inc.*, 254 F.3d at 1029, and the court will grant defendant's motion.

On remand, the Department must attempt to obtain evidence sufficient to make the necessary findings of fact with respect to the business relationships that existed, during the relevant time period, between the foreign customer and the suppliers of printed circuit boards that replaced Advanced Electronics. Specifically, the Department must seek to obtain evidence sufficient to make findings of fact on whether these suppliers imported and then reexported the printed circuit boards sold to the foreign customer during that time period. The Department must then, based on the evidence gathered and the findings of fact made, determine whether, and to what extent, an increase in imports into the United States of articles like or directly competitive with Advanced Electronics' printed circuit boards caused Advanced Electronics to lose the business of its foreign customer. *See Chen*, 32 CIT at __, 587 F. Supp. 2d at 1302.

The court is unconvinced by plaintiffs' arguments opposing a voluntary remand. In basing their argument on missing findings pertaining to the suppliers of the foreign customer, plaintiffs essentially concede that the investigation is not complete. *See* Pls.' Br. 2-6. Plaintiffs nonetheless would have the court direct the Department to certify their eligibility. *See* Pls.' Br. 5-6; *see also* Pls.' Opp'n to Voluntary Remand 2. Moreover, defendant's motion for a voluntary remand would address the very objections that plaintiffs raise to the negative determination in the Third Notice. Def.'s Mot. for Voluntary Remand 5-7. In addition, the fact that the case has been remanded twice does not by itself render the defendant's motion for a voluntary remand frivolous or in bad faith. The court notes, in this regard, that Labor has had

only one opportunity thus far to correct the error identified by the court in *Chen*. *See Chen*, 32

CIT at __, 587 F. Supp. 2d at 1302.

Contrary to plaintiffs' argument relying on certain decisions of the Court of International

Trade, the court declines to order the Department to certify the eligibility of plaintiffs for TAA

and ATAA benefits. *See* Pls.' Opp'n to Voluntary Remand 2 (citing *Hawkins*, 17 CIT at 129,

814 F. Supp. at 1115 and *United Electrical, Radio and Machine Workers*, 15 CIT 299). The

facts in those cases are not analogous to the facts presented here.

In *Hawkins*, the Court ordered the Department to certify for TAA benefits a group of

workers separated from an Oklahoma producer of oil and natural gas following a review of

Labor's third determination denying eligibility. *Hawkins*, 17 CIT at 127, 130-131, 814 F. Supp.

at 1113, 1115. Because the "investigation put forth by Labor was once again the product of

laziness which as a result yielded a sloppy and inadequate investigation" and because "Labor

ha[d] repeatedly ignored the Court's instructions to conduct a more thorough investigation," the

Court concluded that "ordering another remand in this case would be futile." *Id.* at 130, 814

F. Supp. at 1115. Therefore, the Court was "faced with no alternative other than to certify

plaintiff as eligible for trade adjustment assistance." *Id.* at 130-131, 814 F. Supp. at 1115. The

procedural history of this case is distinguishable from that of *Hawkins* in that the court cannot

conclude that an additional remand would be futile. Labor has not ignored the court's opinion

and order in *Chen* and, since the issuance of that opinion and order, has gathered some additional

information necessary to complete its investigation. *See* Def.'s Mot. for Voluntary Remand 4-5.

The Department's demonstrated willingness to seek specific additional evidence refutes an

inference that the court has no alternative but to order the Department to certify plaintiffs as eligible for benefits under the TAA and ATAA.

*United Electrical, Radio and Machine Workers* is also inapposite. In that case, the Court of International Trade ordered the Department, following review of the Department's fifth determination, to certify the workers of an entire Pennsylvania plant that produced railway systems. *United Electrical, Radio and Machine Workers*, 15 CIT at 300-301, 308. The Department's fifth determination had certified the workers of only three sections of the plant. *Id.* at 300-301. The Court ordered certification of all workers at the plant, explaining that "[d]ue to the Secretary's repeated failure to conduct an adequate investigation, the documentation which would have resolved the pending questions is no longer available, and memories are stale." *Id.* at 308. The Court reasoned that the workers of the plant "must not be penalized for this" and stated that "the only just action to take now is to certify the entire plant" even though doing so "will likely involve more workers than would have been certified had Labor followed proper procedures initially." *Id.* In contrast, the administrative record in this case does not support a conclusion that information once available has been lost due to repeated failures to conduct an adequate investigation.

### III. CONCLUSION AND ORDER

The court concludes that a reopening of the investigation through a remand to the Department of the determination in the Third Notice is appropriate in the circumstances of this case. Based on the court's review of all submissions made herein, and upon due deliberation, it is hereby

**ORDERED** that Defendant's Motion for Voluntary Remand, as filed on June 8, 2009, be, and hereby is, GRANTED; it is further

**ORDERED** that Plaintiffs' Motion for Judgment on the Administrative Record, as filed on May 4, 2009, be, and hereby is, granted to the extent that it seeks to have set aside the Department's Notice of Negative Determination On Remand, as filed on February 24, 2009, and DENIED to the extent that this motion seeks a court order for an affirmative determination of eligibility; it is further

**ORDERED** that the Department's Notice of Negative Determination On Remand, as filed on February 24, 2009, be, and hereby is, set aside, and that this matter is hereby remanded to the Department for further proceedings consistent with this Opinion and Order; it is further

**ORDERED** that the Department shall issue a new determination on the issue of plaintiffs' eligibility for TAA and ATAA benefits that complies with this Opinion and Order, that is supported by substantial evidence, and that is in accordance with law; it is further

**ORDERED** that the Department shall reopen its investigation and the administrative record in this proceeding and shall attempt in the reopened investigation to determine whether, and to what extent, an increase in imports into the United States of articles like or directly competitive with the Company's printed circuit boards caused the Company to lose business from its foreign customer; it is further

**ORDERED** that the Department shall have sixty (60) days from the date of this Opinion and Order to file its new determination upon remand in this proceeding and that plaintiffs shall have thirty (30) days from the filing of the new determination to file comments thereon with the court; and it is further

**ORDERED** that Hilda L. Solis, Secretary, United States Department of Labor, be, and hereby is, substituted, pursuant to USCIT Rule 25(d)(1), as party defendant for Elaine L. Chao, former Secretary, United States Department of Labor.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: July 16, 2009
       New York, New York