**Slip Op. 05-149**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____

|  |  |  |
|---|---|---|
| FORMER EMPLOYEES OF GALE GROUP, INC., | : | |
| Plaintiff, | : | |
| v. | : | Court No. 04-00374 |
| UNITED STATES SECRETARY OF LABOR, | : | |
| Defendant. | : | |

_____

[The Department of Labor's Remand Determination is affirmed.]

Ivey, Smith & Ramirez (Jean-Claude André) for Former Employees of Gale Group, Inc., plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Michael D. Panzera); of counsel: Vincent Constantino, Office of the Solicitor, United States Department of Labor, for the United States, defendant.

November 18, 2005

## OPINION

**TSOUCALAS, Senior Judge:** Plaintiffs, Former Employees of Gale Group, Inc. ("Plaintiffs"), move pursuant to USCIT R. 56.1 for judgment upon the agency record or, alternatively, a remand for further investigation. Plaintiffs challenge the United States Department of Labor's ("Labor's") determinations denying them eligibility for certification of Trade Adjustment Assistance ("TAA") under Title II of the Trade Act of 1974, as amended 19

U.S.C. § 2271 (West Supp. 2004) (the "Trade Act"). See Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance ("Negative Determination"), TA-W-54,434, Admin. R. at 23-24 (Dep't Labor May 20, 2004) published at 69 Fed. Reg. 33,940-41 (June 17, 2004); Dismissal of Application for Reconsideration, Admin. R. at 35-37, published at 69 Fed. Reg. 44,064 (July 23, 2004); Notice of Negative Determination on Remand ("Remand Determination"), Supp. Admin. R. at 96-103 (Dep't Labor Jan. 27, 2005), published at 70 Fed. Reg. 6,732-33 (Feb. 8, 2005). Labor determined that Plaintiffs did not produce an article within the meaning of the Trade Act. See Remand Determination, 70 Fed. Reg. at 6732.

## BACKGROUND

Plaintiffs are former employees of the Gale Group, a division of the Thompson Corporation. On February 23, 2004, Plaintiffs petitioned Labor for certification to be eligible for TAA benefits. See Admin. R. at 2. On July 24, 2004, Plaintiffs sought judicial review and filed a letter with the Court which the Clerk of the Court deemed as the filing of a summons and complaint. See Compl. Labor consulted with Plaintiffs and on October 19, 2004, filed a consent motion for voluntary remand indicating that it needed to "determine whether the workers were engaged in the production of an article and to resolve certain ambiguities in the record." See

Remand Determination, 70 Fed. Reg. at 6732. The Court granted this motion on October 25, 2004. Upon remand, Labor reviewed previously submitted information and gathered new and additional information to ascertain whether the work performed by Plaintiffs could be construed as production or in support of production of an article. See id. Labor examined information indicating that Plaintiffs primarily converted paper periodicals into a searchable electronic formatted database, which was accessible via the internet and not recorded or stored on a physical carrier medium. See id. at 6733. Labor again determined that Plaintiffs were not eligible for TAA benefits because they did not produce an article within the meaning of the Trade Act. See id.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 2395(c) (2000) and 28 U.S.C. § 1581(d) (2000).

## STANDARD OF REVIEW

In reviewing a challenge to Labor's determination of eligibility for trade adjustment assistance, the Court will uphold Labor's determination if it is supported by substantial evidence on the record and is otherwise in accordance with law. See 19 U.S.C. § 2395(b) (2000); Woodrum v. Donovan, 5 CIT 191, 193, 564 F. Supp. 826, 828 (1983), aff'd, Woodrum v. United States, 737 F.2d 1575

(Fed. Cir. 1984).  "Substantial evidence is something more than a 'mere scintilla,' and must be enough reasonably to support a conclusion."  Ceramica Regiomontana, S.A. v. United States, 10 CIT 399, 405, 636 F. Supp. 961, 966 (1986), aff'd, 810 F.2d 1137 (Fed. Cir. 1987); see also Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Additionally, "the rulings made on the basis of those findings [must] be in accordance with the statute and not be arbitrary and capricious, and for this purpose the law requires a showing of reasoned analysis."  Former Employees of Rohm & Haas Co. v. United States, 27 CIT ___, ___, 246 F. Supp. 2d 1339, 1346 (2003) (quoting Int'l Union v. Marshall, 584 F.2d 390, 396 n.26 (D.C. Cir. 1978)).

Moreover, although "the nature and extent of the investigation are matters resting properly within the sound discretion of [Labor,]" Former Employees of Galey & Lord Indus. v. Chao, 26 CIT __, __, 219 F. Supp. 2d 1283, 1286 (2002) (quoting Former Employees of CSX Oil & Gas Corp. v. United States, 13 CIT 645, 651, 720 F. Supp. 1002, 1008 (1989) (citation omitted)), "[g]ood cause [to remand] exists if [Labor's] chosen methodology is so marred that [Labor's] finding is arbitrary or of such a nature that it could not be based on substantial evidence."  Id. (citations omitted). The Court's review of Labor's determination denying certification of eligibility for TAA benefits is confined to the administrative

record before it. See 28 U.S.C. § 2640(c) (2000); see also Int'l Union v. Reich, 22 CIT 712, 716, 20 F. Supp. 2d 1288, 1292 (1998).

## CONTENTIONS OF THE PARTIES

### I. Plaintiffs' Contentions

Plaintiffs contend that Labor incorrectly determined that Plaintiffs were ineligible for TAA certification because they did not produce an article within the meaning of the Trade Act. See Pls.' Corrected Comments Labor's Negative Remand Determination ("Pls.' Comments") at 2. Plaintiffs argue that they produced informational products. See Pls.' Comments at 2 & 10. Specifically, Plaintiffs wrote abstracts for periodicals and assigned key topics and terms within a searchable database that was marketed to customers for access over a live internet connection, on CD-Roms, or in printed and bound books. See id. at 4-10. Labor concluded that because Plaintiffs' product was accessible over a live internet connection, it is not an article of production, which Plaintiffs argue is not in accordance with law. See id. at 12-15. Specifically, Plaintiffs argue that Labor's interpretation of what constitutes an article frustrates Congressional intent because recently passed legislation, the American Jobs Creation Act of 2004, states that computer software is a type of production property eligible for tax breaks. See id. at 13-14. Plaintiffs argue that this recent illustration of Congressional intent should

be applied to update the Trade Act, which was enacted before the technological era.  See id. at 14.

Plaintiffs also contend that Labor's interpretation of an article is inconsistent with the International Trade Commission's ("ITC's") definition of an article.  See Pls.' Comments at 20. Since Labor relies on ITC's determinations when ascertaining whether TAA petitioners produced an article and the ITC considers software an article, then Labor's determination here is inconsistent with the ITC.  See id. at 20-24.  Plaintiffs further argue that Labor's definition of an article erroneously imposes a tangibility requirement to the product.  See id. at 18-20. Plaintiffs state that tangibility is not required because the Bureau of Customs and Border Protection ("Customs") determined that software purchased over an internet connection is merchandise and not a service when considering whether it was subject to a duty. See id. at 15-18.

Finally, Plaintiffs argue that even if an article is required to be tangible under the Trade Act, the databases Plaintiffs produced are tangible.  The databases must be stored on some carrier medium and thus take physical form.  See id. at 18-19.  In its Remand Determination, Labor determined that the informational materials produced by Plaintiffs and placed on CDs or printed in bound format did not constitute an article because the production

and replication of the tangible carriers occurred at unaffiliated off-site facilities by third parties. See Remand Determination, 70 Fed. Reg. at 6733. Plaintiffs argue that Labor improperly focused on where the tangible carriers were physically created rather than recognizing the availability of Plaintiffs' work-product on tangible carriers. See Pls.' Comments at 25. Rather, Labor should have inquired whether Plaintiffs' work-product was recorded on tangible carriers anywhere in the product line. See id.

## II. Labor's Contentions

Labor responds that its Remand Determination should be sustained because its determination that Plaintiffs are not eligible for TAA certification is supported by substantial evidence and is otherwise in accordance with law. See Def.'s Resp. Pls.' Comments Upon Redetermination Pursuant Voluntary Remand ("Def.'s Resp.") at 12. Labor's interpretation of the Trade Act requiring that an "article" must be tangible is in accordance with the statutory scheme and legislative history. See Def.'s Resp. at 12. Labor states that the plain language of the Trade Act and the statutory context supports its tangibility requirement as well as the literal meaning of the word "article." See id. at 15-21.

Moreover, to the extent that the term "article" is ambiguous, Labor's interpretation is permissible and thus entitled to

deference under <u>Chevron U.S.A., Inc. v. NRDC</u>, 467 U.S. 837, 844 (1984). <u>See</u> <u>id.</u> at 26. Labor argues that it properly relied upon the treatment of software and information systems under customs law, specifically the Harmonized Tariff Schedule of the United States ("HTSUS"). <u>See</u> Def.'s Resp. at 27. The HTSUS does not consider telecommunications transmissions as goods and are thus exempted from duty. <u>See</u> <u>id.</u> at 27-28 (<u>citing</u> HTSUS, <u>General Note</u> 3e (2004)). Therefore, Labor followed established customs law in determining that software is not an article. <u>See</u> <u>id.</u> Accordingly, Labor's distinction between workers producing carrier media and workers producing software incorporated in such media for purposes of TAA certification is a reasonable interpretation of the customs law. <u>See</u> <u>id.</u> at 28. Furthermore, Labor argues that Plaintiffs' reliance on other sources of law, namely the American Jobs Creation Act of 2004, is inappropriate because the HTSUS is the correct source to help Labor determine what constitutes an article for TAA purposes. <u>See</u> <u>id.</u> at 31-32. Finally, Labor responds that Plaintiffs mistakenly rely upon administrative determinations of the ITC stating that electronically transmitted code is an article under section 337 of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1337. <u>See</u> <u>id.</u> at 35. Labor argues that the Tariff Act authorizes the ITC to take measures to restrict unfair import trade practices and is unrelated to TAA certification. <u>See</u> <u>id.</u> at 35-36.

**ANALYSIS**

The Trade Act provides for TAA benefits to workers who have been completely displaced as a result of increased imports into or shifts of production out of the United States.  See 19 U.S.C. § 2272.  Such benefits include training, re-employment services and various allowances including income support, and job search and relocation allowances.  See 19 U.S.C. §§ 2295-98.  Labor is required to certify a group of workers as eligible to apply for TAA benefits if "a significant number or proportion of the workers in such workers' firm, or appropriate subdivision of the firm, have become totally or partially separated [from employment]," and if one of two further sets of conditions are satisfied.  19 U.S.C. § 2272(a).  First, such workers may qualify if:

> (i) the sales or production, or both, of such firm or subdivision have decreased absolutely; (ii) imports of articles like or directly competitive with articles produced by such firm or subdivision have increased; and (iii) the increase in imports . . . contributed importantly to such workers' separation or threat of separation and to the decline in the sales or production of such firm or subdivision.

19 U.S.C. § 2272(a)(2)(A).  Second, the workers may also qualify if there has been a shift in production to a foreign country by the workers' firm or subdivision of articles like or directly competitive with articles produced by the firm or subdivision, and if any of the following conditions are satisfied: (1) the shift in production was to a country which is a party to a free trade

agreement with the United States; (2) the shift in production was to a country that is a beneficiary under one of three listed trade preference programs; or (3) there has been or is likely to be an increase in imports of articles like or directly competitive with articles produced by the subject firm or subdivision.  See 19 U.S.C. § 2272(a)(2)(B).  It follows then, that for TAA eligibility, Plaintiffs had to produce an article within the meaning of the statute.  See 19 U.S.C. § 2272(a), see also Former Employees of Marathon Ashland Pipeline, LLC v. Chao, 26 CIT 739, 743-44, 215 F. Supp. 2d 1345, 1351 (2002) rev'd other grounds 370 F.3d 1375 (Fed. Cir. 2004) (referring to an earlier version of the Trade Act).

The Court finds that Labor's determination denying Plaintiffs' eligibility for certification to receive TAA benefits on the basis that Plaintiffs did not produce an article under 19 U.S.C. § 2272(a)(2)(B) is supported by substantial record evidence and is in accordance with law.  In its initial Negative Determination, Labor found that Plaintiffs "performed electronic indexing services." Negative Determination, Admin. R. at 23.  On voluntary remand, Labor issued a questionnaire to the Gale Group, obtained internal job description documents, sought comments from Plaintiffs regarding the information received from Gale Group, accepted affidavits from Plaintiffs regarding their description of their work duties, and followed up on potential discrepancies indicated

by Plaintiffs.  See Supp. Admin. R. passim.  Labor again determined that Plaintiffs "performed electronic indexing services, including converting paper periodicals into an electronic format, assigning relevant index terms and occasionally writing abstracts of [the paper periodicals], and thus did not produce an article in accordance with section 222 of the Trade Act of 1974."  Remand Determination, 70 Fed. Reg. at 6,732.  The indexed and abstracted periodicals were included in databases or directories, which were accessed by consumers via the internet.  See id. at 6,733.  Labor determined that Plaintiffs did not produce an article and that a "mere shift of service functions abroad cannot support TAA certification."  Id. at 6,732.  Furthermore, Labor stated that it has consistently held that "the processing of information, especially information which is created, manipulated and stored in electronic format, is not the production of an article for TAA purposes."  Id. at 6,733.

Labor's factual determination that Plaintiffs provided a service rather than produced an article is a reasonable interpretation of the record evidence.  Ms. Montlack, Manager of Human Resources at Gale Group, stated Plaintiffs' responsibilities as an "indexer" was to:

> review content from periodicals and newspapers, adhere to product-specific editorial policies as they apply index terms that reflect the subject matter of this content.  These index

> terms serve as access points for customers to use when searching for and retrieving content once they are loaded to Gale's database products. No further work remains to be done on the content prior to its being available to the database that customers can subscribe to.

Supp. Admin. R. at 10.[1] Plaintiffs did not point to any record evidence that contradicts Labor's finding that Plaintiffs did not produce an article. Rather, Plaintiffs concur with Labor's characterization of their employment and describe their work as "reading scholarly and journalistic articles (mostly from computer and technology publications), indexing key words from a proprietary set vocabulary, and writing abstracts of some of the articles on which [we were] working." Supp. Admin. R. at 86 & 88. Plaintiffs, in essence, manipulated existing journal articles for easier access and use by consumers. Based on the description of Plaintiffs' work responsibilities in the record evidence alone, Labor reasonably determined that Plaintiffs did not produce an article because they provided a service. As such, Labor's determination that Plaintiffs are not eligible for TAA certification is supported by substantial evidence and is in accordance with law.

---

[1] The Gale Group has waived confidentiality of statements made in response to Labor's initial investigation and remand determination. See Def.'s Resp. at 3, n.1.

**CONCLUSION**

Based on a careful examination of the record as a whole and the aforementioned reasons, the Court sustains Labor's initial <u>Negative Determination</u>, 69 Fed. Reg. at 33,941, and subsequent <u>Remand Determination</u>, 70 Fed. Reg. at 6,732, denying Plaintiffs' eligibility for certification to receive TAA benefits as being supported by substantial evidence and is in accordance with law. Judgment will be entered accordingly.


                              ___/s/ Nicholas Tsoucalas___
                                 NICHOLAS TSOUCALAS
                                   SENIOR JUDGE


Dated:     November 18, 2005
           New York, New York