**Slip Op. 06-91**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
FORMER EMPLOYEES OF GALE GROUP, INC.    :
                                        :
                 Plaintiffs,            :
                                        :   Court No. 04-00374
            v.                          :
                                        :
UNITED STATES SECRETARY OF LABOR,       :
                                        :
                 Defendant.             :
_____ :

## ORDER

On June 2, 2006, the United States Court of Appeals for the Federal Circuit ("CAFC") remanded the case at bar to this Court for the limited purpose of remanding this matter back to the United States Department of Labor ("Labor") to re-examine certification for trade adjustment assistance ("TAA") benefits.

On February 23, 2004, a petition for TAA benefits was filed on behalf of the Former Employees of Gale Group, a subsidiary of Thompson Corporation ("Plaintiffs"). On May 20, 2004, the United States Department of Labor ("Labor") issued a negative determination regarding Plaintiffs' eligibility for TAA benefits. See Notice of Determination Regarding Eligibility to Apply for Worker Adjustment Assistance, ("Negative Determination") (June 9, 2004) published at 69 Fed. Reg. 33,940, 33,941 (June 17, 2004). The Negative Determination was issued because Labor found that the Plaintiffs did not produce an article within the meaning of Section 222 of the Trade Act of 1974, as amended 19 U.S.C. § 2272 ("The Trade Act")(Supp. III 2003). See Notice of Negative Determination on Remand, ("Remand Determination") TA-W-54,434 (Jan. 27, 2005) published at 70 Fed. Reg. 6,732 (Feb. 8, 2005). "The determination was based on the investigation's finding that the workers at the subject facility performed electronic indexing services, including converting paper periodicals into an electronic format, assigning relevant index terms and occasionally writing abstracts of articles. . .." Id. On June 16, 2004, Plaintiffs filed a request for administrative reconsideration with Labor. A negative determination on reconsideration was then issued by Labor on July 13, 2004. See Dismissal of Application for Reconsideration, TA-W-54,434 (July 16, 2004) published at 69 Fed. Reg. 44,064 (July 23, 2004). On July 23, 2004, the Plaintiffs requested judicial review

by this Court. On October 19, 2004, Labor filed a motion for voluntary remand. The Court granted Labor's consent motion for voluntary remand on October 25, 2004. Labor reaffirmed its negative determination when it published its Remand Determination on February 8, 2005. Remand Determination TA-W-54,434 (Jan. 27, 2005) published at 70 Fed. Reg. 6,732 (Feb. 8, 2005).

In its Remand Determination, Labor stated that "it is clearly established that the workers of the subject [Gale Group] facility did not produce an article, nor did they support, either directly or through an appropriate subdivision, the production of an article within the meaning of the Trade Act." Remand Determination, 70 Fed. Reg. at 6,733. Labor, therefore, affirmed its original denial of certification for TAA benefits. This Court affirmed Labor's determination on November 18, 2005. See Former Employees of Gale Group, Inc. v. United States Sec'y of Labor, 29 CIT ___, 403 F. Supp. 2d 1299 (2005). On January 12, 2006, Plaintiffs appealed this Court's judgment to the CAFC. Labor later published a revision of its policy in its Notice of Revised Determination on Remand for Computer Sciences Corporation, Financial Services Group, East Hartford, Connecticut, TA-W-53,209, (March 24, 2006) published at 71 Fed. Reg. 18,355 (April 11, 2006).[1]

Upon consideration of Labor's consent motion for a voluntary remand, and other papers and proceedings filed herein; it is hereby

**ORDERED** that this case shall be remanded to Labor to re-examine its determination in light of its recent policy change.

 

 

_____/s/ Nicholas Tsoucalas_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:    June 19, 2006
          New York, New York

---

[1]    Labor's policy revision followed the issuance of this Court's decision in Former Employees of Computer Sciences Corp. v. United States Sec'y of Labor, 29 CIT ___, 366 F. Supp. 2d 1365 (2005), a case which this Court finds to be easily distinguishable from Former Employees of Gale Group, Inc., 29 CIT ___, 403 F. Supp. 2d 1299.