**Slip Op. 06-115**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                            :
FORMER EMPLOYEES OF GALE GROUP, INC.,       :
                                            :
              Plaintiffs,                   :
                                            :        Court No.
              v.                            :        04-00374
                                            :
UNITED STATES SECRETARY OF LABOR,           :
                                            :
              Defendant.                    :
_____ :

**JUDGMENT**

In Former Employees of Gale Group, Inc. v. United States Sec'y of Labor ("Gale Group"), 29 CIT ___, 403 F. Supp. 2d 1299 (2005), the Court affirmed the Department of Labor's ("Labor's") determination denying Former Employees of Gale Group, Inc.'s ("Plaintiffs'") eligibility for certification to receive trade adjustment assistance ("TAA") benefits. See Gale Group, 29 CIT at ___, 403 F. Supp. 2d at 1304. In affirming Labor's negative determination, the Court stated that Labor's factual determination that Plaintiffs performed electronic indexing services and therefore did not produce an article was supported by substantial record evidence. See id. at ___, 403 F. Supp. 2d at 1303.

Plaintiffs then appealed to the Court of Appeals for the Federal Circuit ("CAFC") on January 12, 2006. While on appeal, Labor revised its policy to "acknowledge that . . . there are tangible and intangible articles and to clarify that the production of intangible articles can be distinguished from the provision of services. Software and similar intangible goods that would have been considered articles for the purposes of the Trade Act if embodied in a physical medium will now be considered to be articles regardless of their method of transfer." Notice of Revised Determination on Remand for Computer Sciences Corp., Fin. Services Group, East Hartford, Connecticut, TA-W-53,209 (Mar. 24, 2006), published at 71 Fed. Reg. 18,355, 18,355 (Apr. 11, 2006).

Labor then moved, without opposition from Plaintiffs, to remand this matter to the Court "for the limited purpose of remanding to [Labor] to make a determination regarding certification for benefits under the Trade Act in accordance with Labor's current policy[,]" which the CAFC granted. Order (CAFC

June 2, 2006). On June 19, 2006, the Court remanded this matter back to Labor and noted that the Court considered the facts of this case to be distinguishable from Former Employees of Computer Sciences Corp. v. United States Sec'y of Labor, 29 CIT ___, 366 F. Supp. 2d 1365 (2005).

On July 20, 2006, Labor filed its revised determination. See Notice of Revised Determination on Remand ("Revised Determination"), TA-W-54,434 (July 19, 2006). In its Revised Determination, Labor stated that its revised policy acknowledges "that there are tangible and intangible articles. Products that would have been considered an article if embodied in a physical medium will now be considered an article for purposes of the Trade Act even if transmitted or stored electronically." Revised Determination at *2. Upon review and in light of its revised policy, Labor determined that Plaintiffs produced "an intangible article (electronic documents) and that, following the shift of production abroad, documents like or directly competitive with those produced at the subject firm were brought back into the United States." Id. at *3. Therefore, Labor certified Plaintiffs as eligible to apply for TAA benefits. See id. at *3-4. Plaintiffs filed comments on July 25, 2006, concurring with the Revised Determination.

The Court, having received and reviewed Labor's Revised Determination and comments of Plaintiffs, holds that Labor duly complied with the Court's remand order, and it is hereby

**ORDERED** that Labor's Revised Determination is supported by substantial evidence and otherwise in accordance with law; and it is further

**ORDERED** that the Revised Determination filed by Labor on July 20, 2006, is affirmed in its entirety; and it is further

**ORDERED** that this case is dismissed.

/s/ Nicholas Tsoucalas
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated: July 25, 2006
New York, New York